UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN CORRAL, | No. 2:23-cv-01240-DJC-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| UNKNOWN, | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  On December 20, 2023, the court screened the complaint and dismissed it with leave to amend for failure to identify a defendant and directed plaintiff to use prison administrative processes to identify a defendant or to inform the court of efforts he had undertaken to do so.  ECF No. 8.

Plaintiff has filed a motion for reconsideration of the screening order.  ECF No. 10.  He argues that he is no longer in CDCR custody and thus cannot use prison administrative processes to determine the identities of the defendants and that he should be permitted to use the discovery process in this action to do so under *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  In *Gillespie*, the Ninth Circuit held that a plaintiff must be given the opportunity to identify a defendant using the discovery process unless it is clear that such discovery would be futile or the complaint should be dismissed on other grounds.

1

Under Federal Rule of Civil Procedure 60(b), the court may relieve plaintiff from the screening order for any reason justifying such relief. Given the Ninth Circuit's holding in *Gillespie* and plaintiff's inability to use prison administrative processes to determine defendants' identities, the court will grant the motion for reconsideration and provide plaintiff with an opportunity to identify a defendant through the discovery mechanism of a third-party subpoena under Federal Rule of Civil Procedure 45.

Accordingly, it is ORDERED that:

1. Plaintiff's January 4, 2024 motion for reconsideration (ECF No. 10) is GRANTED and the court's December 20, 2023 screening order is VACATED to the extent that it ordered dismissal of the complaint.

2. Plaintiff has 120 days from the filing date of this Order in which to discover, by subpoena or otherwise, the identity of at least one defendant and file a Notice of Substitution for that defendant.

3. The Clerk of Court is directed to issue one blank subpoenas and send it, along with copies of the U.S. Marshal's Process Receipt & Return form (USM-285), to plaintiff.

4. Plaintiff shall complete the subpoena and USM-285 form and promptly return it to the Clerk of Court.

5. Upon receipt of properly completed subpoenas and USM-285 form, the Clerk of Court shall deliver the subpoena, the USM-285 form, and a copy of this Order, to the U.S. Marshal for service.

6. Within 20 days of receiving the subpoena, USM-285 form, and a copy of this Order, the United States Marshal must personally serve the subpoena and a copy of this Order in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 566(c) and 1915(d).

7. Within 10 days after personal service is effected, the United States Marshal must file the proofs of service.

/////

/////

8. The court may dismiss this action for failure to prosecute without prejudice and without further notice to plaintiff, if plaintiff fails to file a notice of substitution within 120 days, unless plaintiff seeks and is granted an extension of time.

Dated: May 7, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE